UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE SMITH o/b/o J.N.M.S.U., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Commissioner of Social Security, <br><br> Defendant. | NO. CV 13-6827 AGR <br><br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Jacqueline Smith filed this action on September 25, 2013, on behalf of her daughter, J.N.M.S.U.[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.) On April 17, 2014, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

---

[1] The court granted Smith's application to be appointed guardian ad litem for J.N.M.S.U. (Dkt. No. 3.)

# I.

## PROCEDURAL BACKGROUND

On October 13, 2010, an application for supplemental security income was filed on behalf of J.N.M.S.U. alleging an onset date of October 1, 2010. Administrative Record ("AR") 26, 101-09. The application was denied. AR 26, 63. A hearing before an Administrative Law Judge ("ALJ") was requested. AR 68-70. On February 15, 2012, the ALJ conducted a hearing at which Smith testified.[2] AR 44-62. After the hearing, the record remained open so that additional evidence could be submitted. No additional evidence was submitted, and the record closed on March 22, 2012. AR 26. On March 29, 2012, the ALJ issued a decision denying benefits. AR 23-40. On June 15, 2013, the Appeals Council denied the request for review. AR 5-9. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the

---

[2] J.N.M.S.U. was not present at the hearing and did not testify due to an asthma attack the night before the hearing. AR 26, 47, 55.

evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Definition of Disability for a Child

"An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).[3] An impairment is "marked and severe" if it meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix I. 20 C.F.R. § 416.924(d)(1). A claimant's condition "meets" a listed impairment if the claimant's impairment matches the listed impairment. *Id.* A claimant's condition "medically equals" the listed impairment by demonstrating medical findings that are of equal medical significance to the listed impairment. 20 C.F.R. § 416.926(b)(1)(ii). A claimant's condition "functionally equals" a listed impairment by showing either a marked limitation in two functional domains (out of six) or an extreme limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains are acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself, and health and physical well-being. 20 C.F.R. § 416.926a(b)(1) (i-vi).

### B. The ALJ's Findings

The ALJ found that J.N.M.S.U. has the severe impairments of asthma and learning disorder. AR 29. She does not meet or equal a listing. AR 30. With respect to the six domains, J.N.M.S.U. has less than marked limitation in

---

[3] "[N]o individual under the age of 18 who engages in substantial gainful activity . . . may be considered to be disabled." 42 U.S.C. § 1382c(a)(3)(C)(ii).

3

acquiring and using information, attending and completing tasks, interacting and relating with others, caring for herself, and health and physical well-being; and no limitation in moving about and manipulating objects. AR 32-39. The ALJ found that J.N.M.S.U. has not been disabled since October 13, 2010, the date the application was filed. AR 39.

### C. Lay Witness Testimony

Smith contends the ALJ erred in rejecting her lay witness testimony.

"When an ALJ discounts the testimony of lay witnesses, 'he [or she] must give reasons that are germane each witness.'" *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citation omitted).

Smith appeared and testified on behalf of J.N.M.S.U. at the hearing. AR 46-62. She also submitted written reports. AR 123-32, 151-56. According to Smith, J.N.M.S.U. experienced learning difficulties since early childhood, uses two hand-held nebulizers to control her asthma, and continues to experience serious asthma symptoms despite an inhaler and continuing medical treatment. AR 31, 47-61, 127, 129-30, 152-56. J.N.M.S.U.'s asthma attacks have increased in frequency to approximately three times per week. AR 31, 58-59. The attacks cause her to experience chest pain, coughing, and breathing difficulties, and affect her ability to focus and concentrate. AR 31, 52, 58-59. The attacks incapacitate her for two days. AR 52. J.N.M.S.U. has never been to the Emergency Room or hospital due to an asthma attack. AR 61, 153.

Smith acknowledges that the ALJ considered her lay opinion but argues that the ALJ did not offer a sufficient rationale for discounting her statements.

The ALJ summarized Smith's statements. The ALJ found that the statements concerning the intensity, persistence and limiting effects of J.N.M.S.U.'s symptoms "are not credible to the extent they are inconsistent with finding that the claimant does not have an impairment or combination of impairments that functionally equals the listings for the reasons explained below."

4

AR 31. The ALJ then reviewed the six functional domains and explained the basis for his conclusions in each domain. AR 32-39. In the five areas of acquiring/using information, attending/completing tasks, interacting/relating with others, moving about/manipulating objects, and caring for herself, the ALJ relied upon school records, consultative examination, and the opinions of state agency review physicians. AR 33-38. J.N.M.S.U. does not identify inconsistencies between Smith's statements and the ALJ's findings in these five domains.

In the sixth domain of health and physical well-being, the ALJ acknowledged an inconsistency between school records and the statements of treating physician Dr. Felix. The teacher stated that J.N.M.S.U. uses her asthma pump throughout the school day and takes medication on a regular basis. J.N.M.S.U. does not frequently miss school due to illness. AR 39, 149. The ALJ noted that, by contrast, Dr. Felix expected that J.N.M.S.U. would likely miss school about three days per month due to moderate persistent asthma that causes shortness of breath, chest tightness, wheezing, fatigue, palpitations and coughing. AR 39, 260, 263. Dr. Felix stated that J.N.M.S.U. experiences asthma attacks about three times per week and is incapacitated about 1-2 days during an average attack. Dr. Felix expected that the symptoms would frequently interfere with attention and concentration during a typical day. AR 261.

The ALJ gave more weight to the report of J.N.M.S.U.'s teacher because the teacher observed J.N.M.S.U. every weekday at school and had many more opportunities to observe her than Dr. Felix. AR 39. The ALJ noted that Dr. Felix's statement regarding the expected number of absences from school due to illness was necessarily speculative and did not reflect the actual amount of time that J.N.M.S.U. had been absent from school due to illness. *Id.*

Smith's lay opinion essentially mirrors the opinion of Dr. Felix, J.N.M.S.U.'s treating physician. AR 47, 49-52, 55-61, 260-63. A reasonable inference from the decision is that the ALJ rejected Smith's lay opinion to the extent it was

inconsistent with the disability determination. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").[4] Any error in failing to explain the reasons for rejecting Smith's opinion is harmless because no reasonable ALJ, when fully crediting the third party opinion, could have reached a different result. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) ("[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 29, 2014

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[4] In *Magallanes*, the Ninth Circuit observed that "the ALJ did not recite the magic words, 'I reject Dr. Fox's opinion about the onset date because . . . .'" *Magallanes*, 881 F.2d at 755. The court concluded that "our cases do not require such an incantation" and permitted a court to draw specific and legitimate inferences from the ALJ's opinion. *Id.* The same principle should apply to a lay witness. Smith does not provide any contrary argument.